IN THE
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

MELANIE TOTO,                          :
                                       :
          Plaintiff,                   :
                                       :
     v.                                :     CIVIL ACTION NO. 02-CV-4018
                                       :
SOUTHEASTERN PENNSYLVANIA              :
TRANSPORTATION AUTHORITY,              :
                                       :
          Defendant.                   :

ORDER

     AND NOW, on this _____ day of _____, 2002, upon
consideration of Defendant's Answer and Affirmative Defenses to
Plaintiff's Amended Complaint, it is hereby ORDERED that
Plaintiff's Amended Complaint is DISMISSED with prejudice.

                              BY THE COURT:


                              _____
                                                       J.

IN THE
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

MELANIE TOTO,                      :
                                   :
        Plaintiff,                 :
                                   :
    v.                             :    CIVIL ACTION NO. 02-CV-4018
                                   :
SOUTHEASTERN PENNSYLVANIA          :
TRANSPORTATION AUTHORITY,          :
                                   :
        Defendant.                 :

DEFENDANT SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY'S ANSWER AND
<u>AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT</u>

Defendant, Southeastern Pennsylvania Transportation Authority ("SEPTA" or the "Authority"), by its undersigned attorneys, Miller, Alfano & Raspanti, P.C., respectfully submits its Answer and Affirmative Defenses to Plaintiff's Amended Complaint. In support thereof, Defendant avers as follows:

I.  <u>PARTIES</u>

1.  Admitted in part; denied in part. It is admitted only that Plaintiff's Amended Complaint alleges violations of Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII") and the Pennsylvania Human Relations Act, Title 43 Pa. C.S.A. Sections 955, <u>et</u> <u>seq</u>. ("PHRA"). It is admitted that Plaintiff was employed as a bus operator by SEPTA from May 18, 1998 to December 20, 2000. The remaining claims and allegations contained in Paragraph 1 are denied.

2.    Admitted in part; denied in part.  It is admitted only that SEPTA is a metropolitan transportation authority organized under the laws of the Commonwealth of Pennsylvania, located at 1234 Market Street, Philadelphia, PA  19107.  The remaining allegations of this paragraph are denied.

II.  <u>VENUE AND JURISDICTION</u>

3.    Admitted in part; denied in part.  It is admitted only that this case has been filed in the United States District Court for the Eastern District of Pennsylvania pursuant to Tile VII and the PHRA.  The remaining allegations in Paragraph 3 are denied.

4.    Admitted in part; denied in part.  It is admitted that the actions alleged in Plaintiff's Amended Complaint occurred within the Eastern District of Pennsylvania.  It is further admitted that SEPTA resides and is registered to do business within the Eastern District of Pennsylvania.  The remaining allegations in Paragraph 4 are denied.

5.    Admitted in part; denied in part.  It is admitted only that Plaintiff's Amended Complaint alleges jurisdiction in the Eastern District of Pennsylvania under Title VII and that Plaintiff's Amended Complaint seeks supplemental jurisdiction over her PHRA claim. The remaining allegations in Paragraph 5 are denied.

III. COUNT I - ALLEGED VIOLATION OF TITLE VII OF THE UNITED STATES
     CIVIL RIGHTS ACTS OF 1964 AND 1991, BY COMMITTING AND BY
     PERMITTING SEXUAL DETERMINATION AND SEXUAL HARASSMENT.

6.    Admitted.

7.    Admitted in part; denied in part.  It is admitted that
Plaintiff was hired by SEPTA on May 18, 1998 (not 1997), as a part-
time bus operator in SEPTA's Frontier Division.

8.    Denied.  After reasonable investigation, Defendant lacks
sufficient knowledge or information to form a belief as to the
truth or falsity of the averments contained in Paragraph 8.

9.    Admitted in part; denied in part.  It is admitted only
that Plaintiff was hired as a part-time bus operator in SEPTA's
Frontier Division.  It is denied that Louis Testa is Plaintiff's
supervisor or the supervisor of any other employee.  On the
contrary, Mr. Testa, like the Plaintiff, is a bus driver and as
such is an hourly employee.  The remaining allegations in Paragraph
9 are denied.

10.    Denied.  It is specifically denied that Defendant has
violated any of Plaintiff's rights or has engaged in any wrongful
or improper conduct whatsoever as it relates to the Plaintiff or
Plaintiff's employment with SEPTA.  By way of further response, the
allegations in this paragraph contain conclusions of law to which
no response is required.  Accordingly, these allegations are
denied.

3

11.   Denied.   It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.   Accordingly, these allegations are denied.

12.   Denied.   It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.   Accordingly, these allegations are denied.

13.   Denied.   It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.   Accordingly, these allegations are denied.

a.   Denied.  By way of further response, it is denied that Mr. Testa approached Plaintiff on any occasion to solicit a date.

b.    Denied.  By way of further response, it is denied that Mr. Testa approached Plaintiff on any occasion to solicit a date.

c.    Denied.  By way of further response, it is denied that Mr. Testa approached Plaintiff on any occasion to solicit a date.

d.    Denied.  By way of further response, it is denied that Mr. Testa approached Plaintiff on any occasion to solicit a date.

e.    Admitted in part; denied in part.  It is admitted that Plaintiff filed a grievance with the Union alleging a violation of her seniority rights.  It is further admitted that Mr. Testa confronted Plaintiff about the grievance.  The remaining allegations in Paragraph 13(e) are denied.

f.    Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

g.    Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

h.    Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any

5

wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

i.    Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

j.    Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

k.    Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

l.    Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

m.    Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

n.    Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any

wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

o.    Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

p.    Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

q.    Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

r.    Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

14.  Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which

no response is required.  Accordingly, these allegations are denied.

15.  Denied.  After reasonable investigation, Defendant is without knowledge or information to form a belief as to the truth or the falsity of the averments in Paragraph 15, and therefore, they are denied.  By way of further response, it is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

16.  Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.  Accordingly, these allegations are denied.

17.  Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.  Accordingly, these allegations are denied.

18.    Denied.   It is specifically denied that Defendant has
violated any of Plaintiff's rights or has engaged in any wrongful
or improper conduct whatsoever as it relates to the Plaintiff or
Plaintiff's employment with SEPTA.  By way of further response, the
allegations in this paragraph contain conclusions of law to which
no response is required.    Accordingly,   these allegations are
denied.

19.    Denied.   After reasonable investigation, Defendant is
without knowledge or information to form a belief as to the truth
or the falsity of the averments in Paragraph 19, and therefore,
they are denied.  By way of further response, it is specifically
denied that Defendant has violated any of Plaintiff's rights or has
engaged in any wrongful or improper conduct whatsoever as it
relates to the Plaintiff or Plaintiff's employment with SEPTA.

20.    Denied.   After reasonable investigation, Defendant is
without knowledge or information to form a belief as to the truth
or the falsity of the averments in Paragraph 20, and therefore,
they are denied.  By way of further response, it is specifically
denied that Defendant has violated any of Plaintiff's rights or has
engaged in any wrongful or improper conduct whatsoever as it
relates to the Plaintiff or Plaintiff's employment with SEPTA.

21.    Admitted in part; denied in part  It is admitted that
Plaintiff was terminated on December 20, 2000, for failure to
report an accident and falsification of a report. By way of further

response, it is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

22. Denied. It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

23. Denied. It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

24. Denied. It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the

allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

25. Denied. After reasonable investigation, Defendant is without knowledge or information to form a belief as to the truth or the falsity of the averments in Paragraph 25, and therefore, they are denied. By way of further response, it is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

26. Denied. After reasonable investigation, Defendant is without knowledge or information to form a belief as to the truth or the falsity of the averments in Paragraph 26, and therefore, they are denied. By way of further response, it is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

27. Admitted in part; denied in part. It is admitted that male SEPTA employees were not discriminated against or harassed. It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. Accordingly, these allegations are denied.

28.    Denied.   It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. It is further denied that SEPTA gave preferential treatment to members of either sex. Accordingly, these allegations are  denied.

29.    Denied.   It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no  response  is  required.    Accordingly,  these  allegations  are denied.

30.    Denied.  Defendant is without sufficient information or knowledge to form a belief to the truth or falsity of the averments in Paragraph 30, and therefore, they are denied.

31.    Denied.  Defendant is without sufficient information or knowledge to form a belief to the truth or falsity of the averments in Paragraph 31, and therefore, they are denied.

31.(a-g)    Denied.    Defendant  is  without  sufficient information or knowledge to form a belief to the truth or falsity of the averments in Paragraph 31, and therefore, they are denied.

32.    Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful

or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

32. (a-i)   Denied.   It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are  denied.

33. Denied.   It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the allegations in this paragraph contain conclusions of law and seek redress from the Court to which no response is required. Accordingly, these allegations are denied.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff dismissing the Amended Complaint with Prejudice together with attorneys fees, cost of suit, and such other relief this Court may deem just or equitable.

IV.  COUNT II - DEFENDANT ALLEGEDLY VIOLATED PLAINTIFF'S LEGAL
     RIGHTS UNDER TITLE VII OF THE UNITED STATES CIVIL RIGHTS ACTS
     OF 1964 AND 1991, BY COMMITTING AND BY PERMITTING RACIAL
     DISCRIMINATION AND RACIAL HARASSMENT.

34.  Defendant incorporates by reference its answers to the
allegations contained in Paragraphs 1 through 33 as if set forth
fully herein at length.

35.  Denied.  It is specifically denied that Defendant has
violated any of Plaintiff's rights or has engaged in any wrongful
or improper conduct whatsoever as it relates to the Plaintiff or
Plaintiff's employment with SEPTA.  By way of further response, the
allegations in this paragraph contain conclusions of law to which
no response is required.  Accordingly, these allegations are
denied.

36.  Denied.  It is specifically denied that Defendant has
violated any of Plaintiff's rights or has engaged in any wrongful
or improper conduct whatsoever as it relates to the Plaintiff or
Plaintiff's employment with SEPTA.  By way of further response, the
allegations in this paragraph contain conclusions of law to which
no response is required.  Accordingly, these allegations are
denied.

a.  Denied.  It is specifically denied that Defendant
has violated any of Plaintiff's rights or has engaged in any
wrongful or improper conduct whatsoever as it relates to the
Plaintiff or Plaintiff's employment with SEPTA.  By way of further
response, the allegations in this paragraph contain conclusions of

14

law to which no response is required. Accordingly, these allegations are denied.

       b.   Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

       c.   Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

       d.   Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

e.    Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.  Accordingly, these allegations are denied.

37.  Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with the Board.  By way of further answer, the allegations of this paragraph contain conclusions of law to which no response is required.  Accordingly, these allegations are denied.

38.  Denied.  After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments in Paragraph 38. Accordingly, they are denied.

39.  Denied.  After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments in Paragraph 39.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment

with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.  Accordingly, these allegations are denied.

40.  Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.  Accordingly, these allegations are denied.

41.  Admitted in part; denied in part.  It is admitted that Defendant has a policy addressing discrimination in the workplace.  It is further admitted that this policy has been disseminated to Defendant's employees.  The remainder of the averments in Paragraph 41 are denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.  Accordingly, these allegations are denied.

42.  Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or

Plaintiff's employment with SEPTA. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

a.  Denied. It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

b.  Denied. It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

c.  Denied. It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the allegations in this paragraph contain conclusions of

law to which no response is required. Accordingly, these allegations are denied.

d. Denied. It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

e. Denied. It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

f. Denied. It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

g.    Denied.    It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.    Accordingly, these allegations are denied.

43.    Denied.    It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law and seek redress from the Court to which no response is required. Accordingly, these allegations are denied.

43.(a-h)    Denied.    It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law and seek redress from the Court to which no response is required.  Accordingly, these allegations are denied.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff dismissing the Amended Complaint with Prejudice together with attorneys fees, cost

20

of suit, and such other relief this Court may deem just or equitable.

V.   COUNT III - DEFENDANT ALLEGEDLY VIOLATED PLAINTIFF'S LEGAL RIGHTS UNDER TITLE VII OF THE UNITED STATES CIVIL RIGHTS ACTS OF 1964 AND 1991, BY COMMITTING, ALLOWING AND PERMITTING RETALIATION

44. Defendant incorporates its Answers to the allegations contained in Paragraphs 1 through 43 as if set forth fully herein at length.

45. Denied. It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

46. Denied. By way of further answer, the allegations in Paragraph 46 contain conclusions of law to which no responsive pleading is required.

a.   Denied. It is specifically denied that Defendant has violated any of Plaintiff's rights or have engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

b.   Denied. It is specifically denied that Defendant has violated any of Plaintiff's rights or have engaged in any

21

wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

c.    Denied.   It is specifically denied that Defendant has violated any of Plaintiff's rights or have engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

d.    Denied.   It is specifically denied that Defendant has violated any of Plaintiff's rights or have engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

e.    Denied.   It is specifically denied that Defendant has violated any of Plaintiff's rights or have engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.

47.   Denied.   After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the ruth or falsity of the averments in Paragraph 38.

48.   Denied.   After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the ruth or falsity of the averments in Paragraph 48.  Accordingly, they are denied.   It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the

allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

49. Denied. It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

50. Admitted in part; denied in part. It is admitted that Defendant has a policy pertaining to retaliatory conduct and such policy has bene disseminated to Defendant's employees. The remaining averments in Paragraph 50 are denied. It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. Accordingly, these allegations are denied.

51. Denied. It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA. By way of further response, the

allegations in this paragraph contain conclusions of law to which no response is required.  Accordingly, these allegations are denied.

a.   Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.  Accordingly, these allegations are denied.

b.   Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.  Accordingly, these allegations are denied.

c.   Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.  Accordingly, these allegations are denied.

d.    Denied.   It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.   Accordingly, these allegations are denied.

e.    Denied.   It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.   Accordingly, these allegations are denied.

f.    Denied.   It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.   Accordingly, these allegations are denied.

g.    Denied.   It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the

Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.    Accordingly, these allegations are denied.

52.  Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.    Accordingly, these allegations are denied.

52.(a-h)    Denied.    It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.    Accordingly, these allegations are denied.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff dismissing the Amended Complaint with Prejudice together with attorneys fees, cost of suit, and such other relief this Court may deem just or equitable.

VI.  COUNT IV - DEFENDANT ALLEGEDLY VIOLATED PLAINTIFF'S LEGAL
     RIGHTS UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.A.
     C.S.A. SECTION 955, ET SEQ.

53.  Defendant incorporates by reference its answers to the allegations contained in Paragraphs 1 through 52 as if set forth fully herein at length.

54.  Denied.  It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to the Plaintiff or Plaintiff's employment with SEPTA.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.   Accordingly, these allegations are denied.

55.  Denied.  By way of further answer, allegations in Paragraph 55 contain conclusions of law to which no responsive pleading is required.

56.  Denied.  By way of further answer, allegations in Paragraph 56 contain conclusions of law to which no responsive pleading is required.

57.  (a-h)  Denied. It is specifically denied that Defendant has violated any of Plaintiff's rights or has engaged in any wrongful or improper conduct whatsoever as it relates to Plaintiff or Plaintiff's employment with SEPTA.  By way of further answer, allegations in Paragraph 57 contain conclusions of law and seek

redress from the Court to which no responsive pleading is required. Accordingly, these allegations are denied.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff dismissing the Amended Complaint with Prejudice together with attorneys fees, cost of suit, and such other relief this Court may deem just or equitable.

<u>AFFIRMATIVE DEFENSES</u>

1.    Plaintiff's Amended Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

2.    Plaintiff's claims are barred because, at all relevant times, the actions of Defendant were legal, justified and reasonable.

3.    Plaintiff's claims are barred because she has failed to mitigate her damages.

4.    Plaintiff has failed to exhaust her administrative remedies.

5.    Any damages sustained by Plaintiff were a result of Plaintiff's own actions or inactions, or entities and individuals other than the Defendant who are not controlled or employed by the Defendant.

Respectfully submitted,

MILLER, ALFANO & RASPANTI, P.C.

_____
GINO J. BENEDETTI, ESQUIRE
KATHLEEN S. O'CONNELL, ESQUIRE
Attorney I.D. Nos. 59584, 88702
1818 Market Street, Suite 3402
Philadelphia, PA  19103
(215) 972-6400

Attorneys for Defendant,
Southeastern Pennsylvania
Date: _____    Transportation Authority

29

<u>CERTIFICATE OF SERVICE</u>

I, Kathleen S. O'Connell, Esquire, hereby certify that a copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint has been served this date on the following individual and in the manner indicated:

<u>VIA FIRST CLASS MAIL</u>

James B. Mogul, Esquire
Lowenthal & Abrams, P.C.
555 City Line Avenue, Suite 440
Bala Cynwyd, PA  19004

Counsel for Plaintiff, Melanie Toto

_____
KATHLEEN S. O'CONNELL, ESQUIRE
MILLER, ALFANO & RASPANTI, P.C.
1818 Market Street, Suite 3402
Philadelphia, PA  19103
(215) 972-6400

Attorneys for Defendant,
Southeastern Pennsylvania
Transportation Authority

Date: _____

F:\PBL\kso\SEPTA-Toto\AnswerAmendedComplaint.wpd