```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELANIE TOTO,                    :
                                 :
        Plaintiff,                :
                                 :
    v.                           :    CIVIL ACTION
                                 :    NO. 02-CV-4018
SOUTHEASTERN PENNSYLVANIA        :
TRANSPORTATION AUTHORITY,        :
                                 :
        Defendant.                :
```

**ORDER**

AND NOW, this _____ day of _____, 2003, upon consideration of Defendant's Motion to Compel Discovery and Plaintiff's Opposition thereto, it is hereby ORDERED that Defendant's Motion to Compel Discovery is GRANTED; and Plaintiff shall provide executed authorizations for the release of medical and employment information in the form provided to Plaintiff by Defendant within five (5) business days of the date of this Order. It is further ORDERED that if Plaintiff fails to comply with this Order, her Complaint will be dismissed without prejudice and without further Order from the Court.

                                        BY THE COURT:


                                        _____
                                                                    J.

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELANIE TOTO,                      :
                                   :
     Plaintiff,                    :
                                   :
  v.                               :   CIVIL ACTION
                                   :   NO. 02-CV-4018
SOUTHEASTERN PENNSYLVANIA          :
TRANSPORTATION AUTHORITY,          :
                                   :
     Defendant.                    :
```

**<u>DEFENDANT'S MOTION TO COMPEL DISCOVERY</u>**

Defendant, the Southeastern Pennsylvania Transportation Authority ("SEPTA"), by its counsel, Miller, Alfano & Raspanti, P.C., hereby respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 37, for an Order compelling Plaintiff, Melanie Toto ("Ms. Toto"), to sign and return to Defendant authorizations for the release of her medical and employment information, and avers as follows in support thereof:

1. On or about June 21, 2002, Ms. Toto filed a Complaint against SEPTA.

2. Ms. Toto alleges race and gender discrimination in retaliation for her complaints of such discrimination.

3. On August 21, 2002, SEPTA filed its Answer and Affirmative Defenses to Plaintiff's Complaint and a Motion to Dismiss Plaintiff's Claim for Punitive Damages.

4. On September 10, 2002, Ms. Toto filed an Amended Complaint eliminating her punitive damages claim. SEPTA answered the Amended Complaint on September 25, 2002.

5. On October 4, 2002, SEPTA served Ms. Toto with its First Set of Interrogatories and Requests for Documents.

6. After multiple extensions and the filing of a Motion to Compel, Ms. Toto served her Answers to Defendant's Interrogatories and Requests for Documents on January 17, 2003. <u>See</u> Exhibit A

7. On January 23, 2003, Defendant supplied Ms. Toto with authorizations and draft subpoenas for her signature to obtain Ms. Toto's employment and medical information as set forth in her Answers to Defendant's Interrogatories. <u>See</u> Exhibit B.

8. Defendant sent follow-up letters to Ms. Toto requesting return of the signed authorizations on February 20 and February 26, 2003. <u>See</u> Exhibits C and D.

9. To date, SEPTA has received no response from Ms. Toto to its multiple requests for signed authorizations.

WHEREFORE, SEPTA respectfully requests that this Court enter an Order compelling Plaintiff to respond to SEPTA's discovery requests within five (5) days and dismissing Plaintiff's Complaint without prejudice if she does not comply with the Court's Order.

                              Respectfully submitted,

                              MILLER, ALFANO & RASPANTI, P.C.

By: _____
    GINO J. BENEDETTI, ESQUIRE
    KATHLEEN S. O'CONNELL, ESQUIRE
    I.D. Nos. 59584 and 88702
    1818 Market Street, Suite 3402
    Philadelphia, PA 19103
    (215) 972-6400

    Attorneys for Defendant
    Southeastern Pennsylvania
    Transportation Authority

Dated: March 6, 2003

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELANIE TOTO,                    :
                                 :
        Plaintiff,               :
                                 :
     v.                          :    CIVIL ACTION
                                 :    NO. 02-CV-4018
SOUTHEASTERN PENNSYLVANIA        :
TRANSPORTATION AUTHORITY,        :
                                 :
        Defendant.               :
```

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Defendant, the Southeastern Pennsylvania Transportation Authority ("SEPTA"), by its counsel, Miller, Alfano & Raspanti, P.C., respectfully submits this Memorandum of Law in Support of its Motion to Compel Discovery.

**I.    PROCEDURAL HISTORY**

On June 21, 2002, Plaintiff Melanie Toto ("Ms. Toto") filed a Complaint against SEPTA. Ms. Toto alleges race and gender discrimination and claims that SEPTA terminated her employment in retaliation for her complaints of such discrimination. On August 21, 2002, SEPTA filed its Answer and Affirmative Defenses to Plaintiff's Complaint and a Motion to Dismiss Plaintiff's Claims for Punitive Damages. On September 10, 2002, Ms. Toto filed an Amended Complaint eliminating her punitive damages claim. SEPTA answered the Amended Complaint on September 25, 2002.

On October 4, 2002, SEPTA served Ms. Toto with its First Set of Interrogatories and Requests for Documents. After multiple extensions and the filing of a Motion to Compel, Ms. Toto served her Answers to Defendant's initial discovery requests on January 17, 2003. See Exhibit A.

On January 23, 2003, Defendant supplied Ms. Toto with authorizations and draft subpoenas for her signature to obtain Ms. Toto's employment and medical information as set forth in her Answers to Defendants Interrogatories. See Exhibit B. Ms. Toto failed to respond to Defendant's request for signed authorizations despite additional follow-up letters sent by Defendant. See Exhibits C and D. To date, Defendant has received no response from Ms. Toto to its requests for signed authorizations. Thus, Defendant has been unable to discover Ms. Toto's full employment and medical background.

## II.  LEGAL ARGUMENT

Federal Rule of Civil Procedure 37(a) provides in part that "[i]f a party . . . in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested. . .the discovering party may move for an order . . . compelling inspection in accordance with the request." See Fed. R. Civ. P. 37(a)(2)(B). See also Schwartz v. Hosp. of Univ. of PA, CIV. A. No. 88-4865, 1990 WL 199060 at *1 (E.D. Pa.

Nov. 30, 1990). Further, Federal Rule of Civil Procedure 34 provides that a party may obtain discovery of documents so long as the documents are "in the possession, custody or control of the party upon whom the discovery request is made." Fed. R. Civ. P. 34(a)(1). See also Snyder v. Brownlow, No. CIV. A. 93-5238, 1994 WL 273317 at 2 (E.D. Pa. June 20, 1994) (Defendant ordered to execute and return to plaintiff signed authorizations for release of records).

The information sought by the Defendant through the authorizations submitted to Ms. Toto is discoverable. Under the Federal Rules of Civil Procedure, [p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . ." Fed. R. Civ. P. 26(b)(1). Thus, Defendant should be provided with signed authorizations to enable it to obtain information within the scope of discovery that is essential to the defense of Ms. Toto's claims.

### III. **CONCLUSION**

Plaintiff has violated Federal Rule of Civil Procedure 37 in failing to provide executed authorizations for her medical and employment information as set forth in Plaintiff's Answer to Defendant's Interrogatories. Accordingly, SEPTA's Motion to Compel Discovery should be granted.

                              MILLER, ALFANO & RASPANTI, P.C.

                      By: _____
                              GINO J. BENEDETTI, ESQUIRE
                              KATHLEEN S. O'CONNELL, ESQUIRE
                              I.D. Nos. 59584 and 88702
                              1818 Market Street, Suite 3402
                              Philadelphia, PA 19103
                              (215) 972-6400

                              Attorneys for Defendant
                              Southeastern Pennsylvania
                              Transportation Authority

Dated: March 6, 2003

**CERTIFICATE OF SERVICE**

    I, Kathleen S. O'Connell, Esquire, hereby certify that a copy of the foregoing Defendant's Motion to Compel Discovery and accompanying Memorandum of Law in support thereof has been served this date on the following individual and in the manner indicated:

**VIA FIRST CLASS MAIL**

James B. Mogul, Esquire
Lowenthal & Abrams, P.C.
555 City Line Avenue, Suite 440
Bala Cynwyd, PA  19004

Counsel for Plaintiff, Melanie Toto

_____
KATHLEEN S. O'CONNELL, ESQUIRE
MILLER, ALFANO & RASPANTI, P.C.
1818 Market Street, Suite 3402
Philadelphia, PA  19103
(215) 972-6400

Attorneys for Defendant,
Southeastern Pennsylvania
Transportation Authority

Date:  March 6, 2003

F:\PBL\kso\SEPTA\SEPTA-Toto\Def'sMotionCompelDiscv2.wpd