```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELANIE TOTO,                     :
                                  :
         Plaintiff,               :
                                  :
     v.                           :      CIVIL ACTION
                                  :      NO. 02-CV-4018
SOUTHEASTERN PENNSYLVANIA         :
TRANSPORTATION AUTHORITY,         :
                                  :
         Defendant.               :
```

**ORDER**

AND NOW, this _____ day of _____, 2003, upon consideration of Defendant, the Southeastern Pennsylvania Transportation Authority's Motion to Dismiss for Failure to Prosecute and Failure to Comply with Court Order, and any opposition thereto, it is hereby ORDERED that Defendant's Motion is hereby GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

                                          BY THE COURT:


                                          _____
                                                              J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELANIE TOTO, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | CIVIL ACTION |
| : | NO. 02-CV-4018 |
| SOUTHEASTERN PENNSYLVANIA : | |
| TRANSPORTATION AUTHORITY, : | |
| : | |
| Defendant. : | |

**DEFENDANT, THE SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY'S  MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDER**

Defendant, the Southeastern Pennsylvania Transportation Authority ("SEPTA"), by its counsel, Miller, Alfano & Raspanti, P.C., hereby respectfully moves this Court for an Order directing that any and all claims asserted by Plaintiff, Melanie Toto ("Ms. Toto"), are dismissed for failure to prosecute and failure to comply with this Court's Order.  In support thereof, SEPTA avers as follows:

1.   On or about June 21, 2002, Ms. Toto filed a Complaint against SEPTA.

2.   Ms. Toto alleges race and gender discrimination in retaliation for her complaints of such discrimination.

3.   On August 21, 2002, SEPTA filed its Answer and Affirmative Defenses to Plaintiff's Complaint and a Motion to Dismiss Plaintiff's Claim for Punitive Damages.

4. On September 10, 2002, Ms. Toto filed an Amended Complaint eliminating her punitive damages claim. SEPTA answered the Amended Complaint on September 25, 2002.

5. On January 23, 2003, SEPTA supplied Ms. Toto with authorizations and for her signature to allow SEPTA to obtain Ms. Toto's employment and medical information as set forth in her Answers to Interrogatories. <u>See</u> Exhibit A.

6. SEPTA sent follow-up letters to Ms. Toto requesting return of the signed authorizations on February 20 and February 26, 2003. <u>See</u> Exhibit B.

7. On March 6, 2003, SEPTA filed a Motion to Compel seeking signed employment and medical authorizations. <u>See</u> Exhibit C.

8. On March 26, 2003, SEPTA noticed Ms. Toto's deposition. <u>See</u> Exhibit D.

9. That same day, Plaintiff's counsel filed a Motion for Leave to Withdraw as Counsel stating that counsel and Ms. Toto were unable to agree on how to conduct this case. <u>See</u> Exhibit E.

10. On May 19, 2003, a Rule 16 Pretrial Conference was held to discuss Plaintiff's counsel's Motion to Withdraw as Counsel and SEPTA's Motion to Compel Discovery Responses.

11. Ms. Toto failed to appear for the conference despite notification of the conference and an invitation from her counsel to attend.

12. On June 10, 2003, the Court granted Plaintiff's counsel's Motion to Withdraw as Counsel and ordered that Plaintiff shall have thirty (30) days to obtain new counsel or suffer sanctions including dismissal of her action for want of prosecution. See Exhibit F.

13. On June 17, 2003, the Court denied SEPTA's Motion to Compel Discovery without Prejudice and noted that SEPTA could refile the motion should Plaintiff comply with the Court's June 10, 2003 Order. See Exhibit G.

14. Plaintiff's thirty (30) days to obtain new counsel expired on July 10, 2003.

15. SEPTA has been prejudiced in presenting a defense in this case because of Ms. Toto's persistent and willful refusal to comply with timely, reasonable discovery requests and with this Court's Order. Accordingly, SEPTA seeks entry of an Order of Dismissal.

WHEREFORE, SEPTA respectfully requests that this Court enter an Order Dismissing Plaintiff's Complaint with prejudice for failing to comply with the Court's June 10, 2003 Order.

                              Respectfully submitted,

                              MILLER, ALFANO & RASPANTI, P.C.

                      By: _____
                              GINO J. BENEDETTI, ESQUIRE
                              KATHLEEN S. O'CONNELL, ESQUIRE
                              I.D. Nos. 59584 and 88702
                              1818 Market Street, Suite 3402
                              Philadelphia, PA 19103
                              (215) 972-6400

                              Attorneys for Defendant,
                              The Southeastern Pennsylvania
                              Transportation Authority

Date: July 11, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELANIE TOTO, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION |
| : | NO. 02-CV-4018 |
| SOUTHEASTERN PENNSYLVANIA : | |
| TRANSPORTATION AUTHORITY, : | |
| : | |
| Defendant. : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, THE
SOUTHEASTERN TRANSPORTATION AUTHORITY'S
MOTION TO DISMISS FOR FAILURE TO
<u>PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDER</u>**

Defendant, the Southeastern Pennsylvania Transportation Authority ("SEPTA"), by its counsel, Miller, Alfano & Raspanti, P.C., respectfully submits this Memorandum of Law in Support of its Motion to Dismiss for Failure to Prosecute and Failure to Comply with Court Order.

**I.   <u>PROCEDURAL HISTORY</u>**

On or about June 21, 2002, Plaintiff, Melanie Toto ("Ms. Toto") filed a Complaint against SEPTA. She alleges race and gender discrimination in retaliation for her complaints of such discrimination. On August 21, 2002, SEPTA filed its Answer and Affirmative Defenses to Plaintiff's Complaint and a Motion to Dismiss Plaintiff's Claim for Punitive Damages. In response,

Ms. Toto filed an Amended Complaint eliminating her punitive damages claim. SEPTA answered the Amended Complaint on September 25, 2002.

On October 4, 2002, SEPTA served Ms. Toto with its First Set of Interrogatories and Requests for Documents. After multiple extensions amounting to 73 days and the filing of a Motion to Compel, Ms. Toto served her Answers to SEPTA's Interrogatories and Requests for Documents on January 17, 2003, over three (3) months after the requests were served. SEPTA supplied Ms. Toto with authorizations for her signature to allow SEPTA to obtain Ms. Toto's employment and medical information as set forth in her Answers to Interrogatories. Despite numerous follow-ups requesting return of the signed authorizations, Ms. Toto never returned the authorizations. Thus, a second Motion to Compel was filed by SEPTA on March 6, 2003.

On March 26, 2003, SEPTA noticed Ms. Toto's deposition. That same day, Plaintiff's counsel filed a Motion for Leave to Withdraw as Counsel stating that counsel and Ms. Toto were unable to agree on how to conduct this case. Accordingly, on May 19, 2003, a Rule 16 Pretrial Conference was held to discuss Plaintiff's counsel's Motion to Withdraw as Counsel and SEPTA's Motion to Compel Discovery Responses.

Ms. Toto failed to appear for the conference despite notification and an invitation from her counsel to attend. On June 10, 2003, the Court granted Plaintiff's counsel's Motion to Withdraw as Counsel and ordered that Plaintiff shall have thirty (30) days to obtain new counsel or suffer sanctions including dismissal of her action for want of prosecution. On June 17, 2003, the Court denied SEPTA's Motion to Compel Discovery without Prejudice and noted that SEPTA could refile the motion should Plaintiff comply with the Court's June 10, 2003 Order.

Plaintiff's thirty (30) days to obtain new counsel expired on July 10, 2003. Ms. Toto has not complied with the Federal Rules of Civil Procedure. Since first filing her case and seeking this Court's jurisdiction, Ms. Toto has willfully failed to respond to timely, reasonable discovery requests. Further, she has blatantly ignored an Order of this Court thus warranting dismissal of her case with prejudice for failure to prosecute her case.

## II. LEGAL ARGUMENT

Federal Rule of Civil Procedure 41(b) provides in part that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." See Fed. R. Civ. P. 41(b). See also Thomsen v. Sun Co., 498 F. Supp.

1109, 1111 (E.D. Pa. 1980). Rules and orders of courts serve important functions such that a failure to abide by them can result in dismissal. Thomsen, 498 F. Supp. at 1111.

"The power to dismiss for failure to prosecute is part of this Court's inherent authority to prevent undue delays in the disposition of pending cases and avoid congestion on its docket." Grogan v. Deb Shops, Inc., No. CIV. A. 93-3255, 1993 WL 465382 (E.D.Pa. Nov. 12, 1993). While dismissal of a complaint with prejudice is a drastic sanction, it serves as an appropriate penalty and deterrent. Id. at 2. The Supreme Court has stated:

> [T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

Id. at 2 (citing National Hockey Clubs v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam)).

The Third Circuit established a six (6) part balancing test to be applied in cases where the court is considering dismissal as a sanction. The court is to consider:

1. The extent of the party's personal responsibility;

2. Prejudice to the adversary;

3. Whether the conduct of the party or the attorney was willful or in bad faith;

    4.    Whether there has been a history of dilatoriness in the case;

    5.    The effectiveness of alternate sanctions; and

    6.    The meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 867-68 (3d Cir. 1984). The finding that one factor does or does not apply is not dispositive. Rather, it is the cumulative weight of all factors in the context of the complete litigation history which leads a court to determine whether or not an action should be dismissed. Great Western Funding, Inc. v. Mendelson, 158 F.R.P. 339, 334 (E.D. Pa. 1994), aff'd 68 F.3d 456 (3d Cir. 1995).

### A. Ms. Toto's Personal Responsibility

Ms. Toto has been acting pro se since her counsel withdrew on June 10, 2003. During that time she has failed to comply with this Court's Order to obtain new counsel or represent herself in this matter. Ms. Toto was made aware of the May 19, 2003 pretrial conference in this case and was invited to attend to address her counsel's Motion to Withdraw.[1] Similarly, Ms. Toto was provided with a copy of this Court's June 10, 2003 Order allowing her thirty

---

[1] During the May 19, 2003 pretrial conference, Plaintiff's former counsel, James Mogul, Esquire, provided the Court with copies of letters sent to his client via certified mail informing her of the conference.

-5-

(30) days to obtain new counsel. Ms. Toto's failure to abide by a written Order of this Court clearly demonstrates her personal responsibility for the violation in this case.

### B. Prejudice to the Adversary

Ms. Toto's failure to abide by this Court's Order has seriously prejudiced SEPTA's ability to defend against her meritless claims. SEPTA has been unable to take Ms. Toto's deposition or to obtain relevant information pertaining to her medical and employment history. Ms. Toto's unwillingness to furnish SEPTA with relevant and discoverable information has prejudiced SEPTA and prevented it from defending against these claims.

### C. History of Dilatoriness

Ms. Toto has a long history of not prosecuting this case. On October 4, 2002, SEPTA served Ms. Toto with its First Set of Interrogatories and Requests for Documents. After multiple extensions and the filing of a Motion to Compel, Ms. Toto served her answers on January 17, 2003, over three (3) months after the requests were initially served. Ms. Toto once again failed to comply with discovery requests for signed authorizations for employment and medical information requested on January 23, 2003.

Most recently, she has failed to comply with the June 10, 2003 Order of this Court. Since her January 17, 2003 responses, Ms. Toto has engaged in no discovery whatsoever. This most recent obstruction is illustrative of her recalcitrance throughout this litigation.

### D. Whether Ms. Toto Acted Willfully or in Bad Faith

"Willfulness involves intentional, self-serving, or strategic behavior." U.S. ex rel. Kusner v. Osteopathic Medical Ctr. of Philadelphia, 1997 WL 666 295 at *7 (E.D. Pa. Oct. 23, 1997). Ms. Toto was notified by her former counsel of the May 19, 2003 pretrial conference in this matter, yet she elected not to attend. She was then notified of the Court's June 10, 2003 Order, yet chose to ignore it. Ms. Toto has seemingly taken it upon herself to decide when, if ever, she will actively prosecute this case. It is clear that her conduct was intentional and self-serving.

### E. The Effectiveness of Alternative Sanctions

As detailed in its Motion, SEPTA has offered numerous opportunities for Ms. Toto to provide outstanding discovery. In addition, this Court allowed her thirty (30) days to seek new counsel after her former counsel withdrew. Given the serious nature of Ms. Toto's claims against SEPTA, monetary sanctions alone

are insufficient.  Ms. Toto has failed to prosecute her case and in the process has seriously prejudiced SEPTA in preparing its defense.

### F.  The Meritoriousness of the Claim

Thus far, Ms. Toto has done no more than make baseless accusations against SEPTA.  She has relied solely on conjecture and innuendo to support her allegations that she was terminated in retaliation for her complaints of discrimination.  In addition, Ms. Toto has offered <u>no</u> evidence of race or gender discrimination other than her own repetition of the averments contained in her Complaint.

It is clear that the <u>Poulis</u> factors indicate that dismissal is the appropriate remedy for Plaintiff's repeated and egregious abuses of the discovery process and her failure to comply with this Court's Order.

## III. CONCLUSION

Plaintiff has failed to comply with this Court's June 10, 2003 Order and has failed to prosecute her claim. For those reasons, SEPTA's Motion to Dismiss for Failure to Prosecute and Failure to Comply with Court Order should be granted and Plaintiff's Complaint dismissed with prejudice.

                            Respectfully submitted,

                            MILLER, ALFANO & RASPANTI, P.C.

By: _____
     GINO J. BENEDETTI, ESQUIRE
     KATHLEEN S. O'CONNELL, ESQUIRE
     I.D. Nos. 59584 and 88702
     1818 Market Street, Suite 3402
     Philadelphia, PA 19103
     (215) 972-6400

     Attorneys for Defendant,
     The Southeastern Pennsylvania
     Transportation Authority

Date: July 11, 2003

F:\PBL\kso\SEPTA\SEPTA.Toto\da00004.MtntoDismissFailuretoProsecute&Comply.pld

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of The Southeastern Transportation Authority's Motion to Dismiss for Failure to Prosecute and Failure to Comply with Court Order and Memorandum of Law in support thereof has been served on this date upon the individual and in the manner indicated below:

### VIA FIRST-CLASS MAIL AND CERTIFIED MAIL/RETURN RECEIPT REQUESTED

Melanie Toto
414 Chester Avenue
Yeadon, PA 19050

### VIA FIRST-CLASS MAIL

James B. Mogul, Esquire
Lowenthal & Abrams, P.C.
555 City Line Avenue, Suite 440
Bala Cynwyd, PA 19004


BY: _____
    KATHLEEN S. O'CONNELL, ESQUIRE
    MILLER, ALFANO & RASPANTI, P.C.
    1818 Market Street, Suite 3402
    Philadelphia, PA 19103
    (215) 972-6400

    Attorney for Defendant,
    The Southeastern Pennsylvania
    Transportation Authority

Date: July 11, 2003