```
                         IN THE
          UNITED STATES DISTRICT COURT FOR THE
             EASTERN DISTRICT OF PENNSYLVANIA


MELANIE TOTO,                    :
                                 :
        Plaintiff,               :
                                 :
    v.                           :    CIVIL ACTION NO. 02-CV-4018
                                 :
SOUTHEASTERN PENNSYLVANIA        :
TRANSPORTATION AUTHORITY,        :
                                 :
        Defendant.               :
```

ORDER

AND NOW, on this _____ day of _____, 2003, upon consideration of Defendant, Southeastern Pennsylvania Transportation Authority's ("SEPTA") Motion for an Award of Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 54(d)(2) and 42 U.S.C. § 2000(e)-5(k), and any response in opposition thereto, it is hereby ORDERED that SEPTA's Motion is GRANTED and that Plaintiff, Melanie Toto, shall pay a total of $_____ to SEPTA within \_\_\_ days of this Order.

                                      BY THE COURT:


                                      _____
                                                                  J.

```
                        IN THE
          UNITED STATES DISTRICT COURT FOR THE
             EASTERN DISTRICT OF PENNSYLVANIA
```

MELANIE TOTO,                        :
                                     :
          Plaintiff,                 :
                                     :
     v.                              :    CIVIL ACTION NO. 02-CV-4018
                                     :
SOUTHEASTERN PENNSYLVANIA            :
TRANSPORTATION AUTHORITY,            :
                                     :
          Defendant.                 :

<u>DEFENDANT SOUTHEASTERN PENNSYLVANIA TRANSPORTATION
AUTHORITY'S MOTION FOR AN AWARD OF ATTORNEYS' FEES
PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 54(d)(2) AND 42 U.S.C. § 2000(e)-5(k)</u>

Defendant, Southeastern Pennsylvania Transportation Authority ("SEPTA"), by its undersigned attorneys, Miller, Alfano & Raspanti, P.C., respectfully moves this Court for an Order granting SEPTA an award of attorneys' fees and in support thereof states as follows:

1.  On July 29, 2003, this Court granted SEPTA's Motion to Dismiss for Failure to Prosecute and Failure to Comply with Court Order.

2.  Pursuant to U.S.C. § 2000(e)-5(k), a prevailing party in a Title VII action may be entitled to an award of attorneys' fees.

3.  SEPTA is entitled to an award of attorneys' fees against Plaintiff, Melanie Toto ("Ms. Toto") pursuant to 42 U.S.C. § 2000(e)-5(k) because Ms. Toto's lawsuit was frivolous, unreasonable and without foundation.

4.  Ms. Toto's claims were meritless, without foundation and were no more than baseless allegations against SEPTA.  She relied

solely on conjecture and innuendo to support her allegations that she was terminated in retaliation for her complaints of discrimination. Further, Ms. Toto offered <u>no</u> evidence of race or gender discrimination other than her own repetition of averments contained in her Complaint.

    5. SEPTA incurred reasonable counsel fees totaling $16,112.50 in defending this lawsuit. <u>See</u> Affidavit of Kathleen S. O'Connell, Esquire. (Exhibit A).

    WHEREFORE, for the foregoing reasons, and those set forth in the Accompanying Memorandum of Law, SEPTA respectfully requests that this Court enter an Order granting this Motion for an Award of Attorneys' Fees against Plaintiff, Melanie Toto, in the amount of $16,112.50 pursuant to 42 U.S.C. § 2000(e)-5(k).

                                    Respectfully submitted,

                                    MILLER, ALFANO & RASPANTI, P.C.

_____
GINO J. BENEDETTI, ESQUIRE
KATHLEEN S. O'CONNELL, ESQUIRE
Attorney I.D. Nos. 59584, 88702
1818 Market Street, Suite 3402
Philadelphia, PA  19103
(215) 972-6400

Attorneys for Defendant,
Southeastern Pennsylvania
Transportation Authority

Date: August 12, 2002

```
                        IN THE
            UNITED STATES DISTRICT COURT FOR THE
              EASTERN DISTRICT OF PENNSYLVANIA

MELANIE TOTO,                    :
                                 :
        Plaintiff,               :
                                 :
    v.                           :    CIVIL ACTION NO. 02-CV-4018
                                 :
SOUTHEASTERN PENNSYLVANIA        :
TRANSPORTATION AUTHORITY,        :
                                 :
        Defendant.               :
```

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT SOUTHEASTERN PENNSYLVANIA TRANSPORTATION
AUTHORITY'S MOTION FOR AN AWARD OF ATTORNEYS'
FEES PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 54(d)(2) AND 42 U.S.C. § 2000(e)-5(k)

Defendant, Southeastern Pennsylvania Transportation Authority ("SEPTA"), by its undersigned attorneys, Miller, Alfano & Raspanti, P.C., respectfully submits this Memorandum of Law in Support of its Motion for an Award of Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 54(d)(2) and 42 U.S.C. § 2000(e)-5(k).

I.  PRELIMINARY STATEMENT

SEPTA is a prevailing party in an action brought against it by Plaintiff, Melanie Toto ("Ms. Toto") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e)-3(a) and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 955.  Although Ms. Toto was informed that her claims were meritless, she pursued this action.  Accordingly, pursuant to 42 U.S.C. § 2000(e)-5(k), Ms. Toto should be required to pay for

SEPTA's attorneys' fees because her Title VII claims were frivolous, unreasonable and without foundation.[1]

II. <u>PROCEDURAL HISTORY</u>

On or about June 21, 2002, Plaintiff, Melanie Toto ("Ms. Toto") filed a Complaint against SEPTA. She alleged race and gender discrimination and that she was terminated in retaliation for her complaints of such discrimination. On August 21, 2002, SEPTA filed its Answer and Affirmative Defenses to Plaintiff's Complaint and a Motion to Dismiss Plaintiff's Claim for Punitive Damages. In response, Ms. Toto filed an Amended Complaint eliminating her punitive damages claim. SEPTA answered the Amended Complaint on September 25, 2002.

On October 4, 2002, SEPTA served Ms. Toto with its First Set of Interrogatories and Requests for Documents. After multiple extensions amounting to 73 days and the filing of a Motion to Compel, Ms. Toto served her Answers to SEPTA's Interrogatories and Requests for Documents on January 17, 2003, over three (3) months after the requests were served. SEPTA supplied Ms. Toto with authorizations for her signature to allow SEPTA to obtain Ms. Toto's employment and medical information as set forth in her Answers to Interrogatories. Despite numerous follow-ups requesting return of the signed authorizations, Ms. Toto never returned the

---

[1] SEPTA will also file a Bill of Costs seeking recovery of $704.20. The amounts sought in this Motion are separate from the amounts sought in the Bill of Costs.

authorizations. Thus, SEPTA filed a second Motion to Compel on March 6, 2003.

On March 26, 2003, SEPTA noticed Ms. Toto's deposition. That same day, Plaintiff's counsel filed a Motion for Leave to Withdraw as Counsel stating that counsel and Ms. Toto were unable to agree on how to conduct this case. Accordingly, on May 19, 2003, a Rule 16 Pretrial Conference was held to discuss Plaintiff's counsel's Motion to Withdraw as Counsel and SEPTA's Motion to Compel Discovery Responses.

Ms. Toto failed to appear for the conference despite notification and an invitation from her counsel to attend. On June 10, 2003, the Court granted Plaintiff's counsel's Motion to Withdraw as Counsel and ordered that Plaintiff shall have thirty (30) days to obtain new counsel or suffer sanctions including dismissal of her action for want of prosecution. On June 17, 2003, the Court denied SEPTA's Motion to Compel Discovery without Prejudice and noted that SEPTA could refile the motion should Plaintiff comply with the Court's June 10, 2003 Order.

Plaintiff's thirty (30) days to obtain new counsel expired on July 10, 2003. On July 29, 2003, the Court dismissed Plaintiff's case for failure to prosecute and comply with Court Order.

III. <u>LEGAL ARGUMENT</u>

    A.   SEPTA Is Entitled to Attorneys' Fees Against Plaintiff <u>Pursuant to 42 U.S.C. § 2000(e)-5(k)</u>

Pursuant to 42 U.S.C. § 2000(e)-5(k), a prevailing party in an action brought under Title VII may be entitled to an award of attorneys' fees. <u>See</u> 42 U.S.C. § 2000(e)-5(k). A "prevailing party" to whom a court may award reasonable attorneys' fees, is one who has been awarded some relief by the court. <u>See</u> <u>Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources</u>, 532 U.S. 598 (2001). It is within the court's discretion, however, whether to grant attorneys' fees to a prevailing party. <u>See</u> <u>Tuthill v. Consolidated Rail Corp.</u>, No. Civ. A. 96-6868, 1998 WL 321245 (E.D. Pa. June 18, 1998).

The Supreme Court sets forth the standard for awarding attorneys' fees to prevailing defendants as follows:

> A district court may in its discretion award attorneys' fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, and without foundation, even though not brought in subjective bad faith.

<u>See</u> <u>Welch v. Bd. of Directors of Wildwood Golf</u>, 904 F. Supp. 438, 440 (W.D. Pa. 1995) (<u>quoting</u> <u>Christianburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421 (1978)). In enacting Title VII, Congress hoped to shield defendants from "burdensome litigation having no legal or factual basis." <u>Tuthill</u>, 1998 WL 321245 at *3 (citation omitted). To determine whether a plaintiff's claim is frivolous, meritless or without foundation, a court should look at whether the plaintiff

knew or should have known of the "legal or evidentiary deficiencies of his claim." Brown v. Borough of Chambersburg, 903 F.2d 274 (3d Cir. 1990) (citations omitted) (awarding attorneys' fees against plaintiff). See also Allen v. Temple University, No. Civ. A. 95-3459, 1996 WL 547213 at *1 (E.D. Pa. Sept. 25, 1994) (awarding attorneys' fees against plaintiff and plaintiff's counsel).[2]

It is clear that Ms. Toto knew or should have known of the legal and factual deficiencies of her case. She relied solely on conjecture and innuendo to support her allegations that she was terminated in retaliation for her complaints of discrimination. Further, Ms. Toto offered no evidence of race or gender discrimination to prove the averments in her Complaint. Ms. Toto, a female Caucasian, brought this suit pursuant to Title VII claiming that SEPTA retaliated against her for her complaints of race and gender discrimination. There was never any evidence that SEPTA retaliated against Ms. Toto for any reason. Ms. Toto was terminated for failure to report an accident and falsification of a report. Extensive documentation exists in support of this fact. Thus, Ms. Toto knew or should have known that her claims of retaliation were frivolous, unreasonable and without foundation.

---

[2] The Third Circuit has used several guidelines when considering whether a claim is frivolous, including: whether (1) the plaintiff established a prima facie case; (2) the defendant agreed to settlement; (3) the court dismissed the case prior to trial or allowed the case to proceed to trial; (4) the question in issue was one of first impression; (5) the controversy is based upon a real threat to plaintiff; and (6) whether the trial court found the suit was frivolous. See Barnes Foundation v. Township of Lower Merion, 242 F.3d 151, 158 (3d Cir. 2001).

Accordingly, she should be ordered to pay SEPTA's attorneys' fees in the amount of $16,112.50.

IV. <u>CONCLUSION</u>

For the foregoing reasons, SEPTA respectfully requests that the Court enter an Order grating its Motion for an Award of Attorneys' Fees against Plaintiff in the amount of $16,112.50, pursuant to 42 U.S.C. § 2000(e)-5(k).

                                          Respectfully submitted,

                                          MILLER, ALFANO & RASPANTI, P.C.

                                          By: _____
                                               GINO J. BENEDETTI, ESQUIRE
                                               KATHLEEN S. O'CONNELL, ESQUIRE
                                               I.D. Nos. 59584 and 88702
                                               1818 Market Street, Suite 3402
                                               Philadelphia, PA 19103
                                               (215) 972-6400

                                               Attorneys for Defendant,
                                               Southeastern Pennsylvania
                                               Transportation Authority

Date: August 12, 2003

CERTIFICATE OF SERVICE

    I, Kathleen S. O'Connell, Esquire, hereby certify that a copy of Defendant Southeastern Pennsylvania Transportation Authority's Motion for an Award of Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 54(d)(2) and 42 U.S.C. § 2000(e)-5(k) has been served this date on the following individual and in the manner indicated:

**<u>VIA FEDERAL EXPRESS AND FIRST-CLASS MAIL</u>**

    Melanie Toto
    414 Chester Avenue
    Yeadon, PA 19050

    _____
    KATHLEEN S. O'CONNELL, ESQUIRE
    MILLER, ALFANO & RASPANTI, P.C.
    1818 Market Street, Suite 3402
    Philadelphia, PA  19103
    (215) 972-6400

    Attorneys for Defendant,
    Southeastern Pennsylvania
    Transportation Authority

Date: August 12, 2002

F:\PBL\kso\SEPTA\SEPTA.Toto\MotionAttorneysFees.pld.wpd