IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELANIE TOTO** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| **SOUTHEASTERN PENNSYLVANIA** | : | NO. 02-4018 |
| **TRANSPORTATION AUTHORITY** | : | |

### CLERK'S TAXATION OF COSTS

Plaintiff brought this civil action against defendant, and judgment was entered in favor of defendant, which filed its bill of costs on August 18, 2005. On March 6, 2006, the Clerk of Court requested counsel for plaintiff, the non-prevailing party, to file objections to the bill of costs, if they had any within fourteen days. No objections have been filed with the Clerk of Court.

It is well-established that district court costs may not be imposed in federal district courts except where they are authorized by either a statute or a rule of court. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995). The federal Taxation of Costs statute, 28 U.S.C. §1920, lists those items of district court costs taxable in the first instance by the Clerk, with a five-day right of appeal to the assigned district court judge. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000). These items taxable in the first instance by the Clerk, as listed in 28 U.S.C. §1920, are:

"(l) Fees of the clerk or marshal;
"(2) Fees of the court reporter for all or any part of its stenographic transcript
     necessarily obtained for use in the case;
"(3) Fees and disbursements for printing and witnesses;
"(4) Fees for exemplification and copies of papers necessarily obtained for use in
     the case;

1

> "(5) Docket fees under (28 U.S.C. §1923); (and,)
> "(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under (28 U.S.C. §1828)

Normally, the Clerk will tailor his taxation of costs opinion around the items requested and the actual objections raised by the losing party or his counsel, and will not raise issues <u>sua sponte</u>; however, as stated previously, since the Clerk's authority is strictly limited by 28 U.S.C. §1920, a necessary corollary is that if a requested item is obviously, without any doubt, never authorized by 28 U.S.C. §1920 under any circumstances, the Clerk may not tax that item as a 28 U.S.C. §1920 cost, even where counsel has not raised any objections to the item in question.  <u>Andrews v. Suzuki Motor Co.</u>, 161 F.R.D. 383 (S.D. Ind. 1995).

By this standard, attorney fees are clearly not taxable pursuant to 28 U.S.C. §1920.  <u>In re: Paoli Railroad Yard PCB Litigation</u>, 221 F.3d 449 (3d Cir. 2000); <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1204 (3d Cir. 1995); <u>Nugget Distributors Cooperative of America v. Mr. Nugget, Inc.</u>, 145 F.R.D. 54 (E.D.Pa. 1992).  In addition, litigation costs that are more closely associated with the routine overhead of running a law firm than with the types of costs listed in 28 U.S.C. §1920 are not taxable, as they are seen as "facets" of attorney fees.  <u>Nugget Distributors Cooperative of America v. Mr. Nugget, Inc.</u>, 145 F.R.D. 54 (E.D.Pa. 1992).  <u>Accord</u>, <u>In re: Paoli Railroad Yard PCB Litigation</u>, 221 F.3d 449 (3d Cir. 2000); <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1204 (3d Cir. 1995); <u>Lachance v. Harrington</u>, 965 F.Supp. 630 (E.D. Pa. 1997); <u>J/H Real Estate, Inc. v. Abramson</u>, 951 F.Supp. 63 (E.D. Pa. 1996).  <u>See</u>, <u>also</u>, <u>Di Llano v. North Dakota State University</u>, 951 F.Supp. 168 (D.N.D. 1997); <u>In Re: Glacier Bay</u>, 746 F.Supp. 1379 (D.

Alaska 1990). Such "facets" of attorney fees include costs of attorney work product, such as pleadings, motions, memoranda and briefs, as well as case-related correspondence, which are seen as more closely associated with the routine overhead of running a law firm than with those types of costs taxable pursuant to 28 U.S.C. §1920. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Levin v. Parkhouse, 484 F.Supp. 1091 (E.D. Pa. 1980). See, also, Krouse v. American Sterilizer Co., 928 F.Supp. 543 (W.D. Pa. 1996); Stacy v. Williams, 50 F.R.D. 52 (N.D. Miss. 1970); Bourazak v. North River Insurance Co., 280 F.Supp. 89 (S.D. Ill. 1968). Accord, Di Llano v. North Dakota State University, 951 F.Supp. 168 (D.N.D. 1997); and, In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990). By this standard, secretarial, courier and messenger services are prohibited. Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Lachance v. Harrington, 965 F.Supp. 630 (E.D. Pa. 1997); J/H Real Estate, Inc. v. Abramson, 951 F.Supp. 63 (E.D. Pa. 1996). See, also, Di Llano v. North Dakota State University, 951 F.Supp. 168 (D.N.D. 1997); Litton Systems, Inc. v. American Telephone & Telegraph Co., 613 F.Supp. 824, 836 (S.D.N.Y. 1985); Beech Cinema, Inc. v. Twentieth Century Fox Film Corp., 480 F.Supp. 1195, 1198 (S.D.N.Y. 1979), aff'd, 622 F.2d 1106 (2d Cir. 1980). Copying of court filings is considered costs incident to attorney fees, therefore $530.52 for court filings is disallowed. Also, the request for courier costs in the full requested amount of $55.12 is disallowed since recovery is prohibited in 28 U.S.C. §1920.

The remaining costs sought by defendant are all, at least arguably, of those types of costs stated previously as being listed in the taxation statute, 28 U.S.C. §1920. Federal Rule of Civil Procedure 54(d)(1) is incorporated into the law of Clerk's Taxation

of Costs established by 28 U.S.C. §1920.  Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987).  Federal Rule of Civil Procedure 54(d)(1) directs that "costs other than attorney fees" (i.e. those costs authorized by 28 U.S.C. §1920) "shall be allowed as of course to the prevailing party unless the court otherwise directs" (emphasis added).  This language creates a heavy presumption that **"the 'prevailing party' *automatically* is entitled to costs"** as a matter of course, once it has been shown that the costs sought are, at least arguably, of those types of costs listed in 28 U.S.C. §1920.  Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added).  Accord, In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).  This heavy presumption is based on the federal policy that a Clerk's Taxation of Costs is seen as a ministerial act in civil cases, and is not seen as a penalty against the losing party or parties. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998).  A consequence of this heavy presumption is that the non-prevailing party bears the

burden of proof, and must overcome the presumption in favor of the taxing of costs against that non-prevailing party. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998). Because of this heavy presumption, it is considered punitive towards a prevailing party to deny to that prevailing party costs which are ordinarily automatically taxed under 28 U.S.C. §1920. Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 926 (3rd Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975). As a further result of this presumption, in the event taxable costs are denied to a prevailing party, the Clerk must specifically state what defect, bad act or impropriety on the part of that prevailing party leads the Clerk to deny to that prevailing party otherwise allowable costs. Pearlstine v. United States, 649 F.2d 194, 198-9 (3rd Cir. 1981); ADM Corp. v. Speedmaster Packaging Corp., 525 F.2d 662, (3rd Cir. 1975). See, also, In Re Olympia Brewing Co. Securities Litigation, 613 F.Supp. 1286, 1302 (N.D.Ill. 1985). In examining the relevant caselaw concerning taxations of costs by the Clerk of Court, there is a recurring theme that the prevailing party may recover those types of costs listed in 28 U.S.C. §1920 that were necessary for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, regardless of whether the items for which costs are sought were actually used. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v.

5

Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984).  See, also, Charter Medical Corp. v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F.Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (E.D.Mo. 1983); Gillam v. A. Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962).  Since the costs sought by defendant are all, at least arguably, of those types of costs listed in the taxation statute, 28 U.S.C. §1920, we are of the view that plaintiff bears the burden of proof in this matter. Moreover, the bill of costs in the instant matter is accompanied by an affidavit from counsel, pursuant to 28 U.S.C. § 1924, stating that the costs are correct and were actually and necessarily incurred; the existence of such an affidavit in a Clerk's Taxation of Costs proceeding is given very great weight regarding the Clerk's determination as to whether the requested costs are allowable.  Schauffler v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, 246 F.2d 867 (3d Cir. 1957).  See, also,  Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985).

  Turning to the substance of the requests contained in the bill of costs, we address the request for copying costs. Courts have traditionally seen costs related to the production of copies of documentary evidence as recoverable costs under 28 U.S.C. §1920(4) when the copies in question were "necessarily obtained for use in the

case." <u>Nugget Distributors Cooperative of America v. Mr. Nugget, Inc.</u>, 145 F.R.D. 54 (E.D.Pa. 1992); <u>Raio v. American Airlines</u>, 102 F.R.D. 608 (E.D.Pa. 1984).  <u>See</u>, <u>also</u>, <u>Haagen Dazs v. Double Rainbow Gourmet Ice Cream</u>, 920 F.2d 587 (9th Cir. 1990); <u>Robinson v. Burlington Northern Railroad Co.</u>, 963 F.Supp. 691 (N.D. Ill. 1997); <u>Postednik v. Sullivan</u>, 718 F.Supp. 1097 (S.D.N.Y. 1989); <u>Grider v. Kentucky & ITR Co.</u>, 101 F.R.D. (W.D. Ky. 1984).  Based on this caselaw, the Clerk is of the view that such documentary evidence consists of items such as police reports, weather reports, medical records, personnel records, business records, land records, newspapers, tax records, and the like.  Concerning this previously mentioned standard that these aforesaid items must have been "necessarily obtained for use in the case" to be taxable, there is a recurring theme in 28 U.S.C. §1920 litigation that the prevailing party may recover costs that were necessarily obtained for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, even where the items in question were not used at trial.  <u>In re: Paoli Railroad Yard PCB Litigation</u>, 221 F.3d 449 (3rd Cir. 2000); <u>In Re: Kulicke & Soffa Industries Inc. Securities Litigation</u>, 747 F.Supp. 1136 (E.D.Pa. 1990), <u>aff'd</u>, 944 F.2d 897 (3rd Cir. 1991); <u>ADM Corp. v. Speedmaster Packing Corp.</u>, 525 F.2d 662 (3d Cir. 1975); <u>Nugget Distributors Cooperative of America v. Mr. Nugget, Inc.</u>, 145 F.R.D. 54 (E.D.Pa. 1992); <u>Raio v. American Airlines</u>, 102 F.R.D. 608 (E.D.Pa. 1984).  <u>See</u>, <u>also</u>, <u>Charter Medical Corp. v. Cardin</u>, 127 F.R.D. 111 (D. Maryland 1989); <u>Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank</u>, 108 F.R.D. 396 (D. Nevada 1985); <u>International Wood Processors v. Power Dry, Inc.</u>, 598 F.Supp. 299 (D.S.C. 1984); <u>Morrissey v. County Tower Corp.</u>, 568 F.Supp. 178 (E.D.Mo. 1983); <u>Gillam v. A.

Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962).  We are satisfied that the statutory standard of necessity has been met; moreover, the bill of costs is accompanied by an affidavit by counsel, pursuant to 28 U.S.C. § 1924, stating that the costs are correct and were actually and necessarily incurred; the existence of such an affidavit in a Clerk's Taxation of Costs proceeding is given very great weight regarding the Clerk's determination that the statutory standard of necessity has been met in a given case.  Schauffler v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, 246 F.2d 867 (3d Cir. 1957).  See, also, Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985).  As stated previously, there is a heavy presumption in favor of the automatic taxation of those types of costs listed in the taxation statute, 28 U.S.C. §1920.  We are of the view that the non-prevailing party has not rebutted this heavy presumption.  Copying costs are accordingly taxed in the amount of $118.56.

|  |  |
|---|---|
| _____<br>**Date** | S/ Michael E. Kunz<br>**MICHAEL E. KUNZ**<br>**CLERK OF COURT** |